# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

QUINCY WIMBERLY,

     **Petitioner,**

v.

UNITED STATES OF AMERICA,

     **Respondent.**

_____/

**CASE NO. 8:14-cv-3182-T-27MAP**
**CRIM. CASE NO. 8:13-cr-211-T-27MAP**

## ORDER

**BEFORE THE COURT** are Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), the United States' opposition (cv Dkt. 7), and Petitioner's reply (cv Dkt. 8). The motion to vacate is DENIED.

The motion raises a single ground for relief:

Claim One: Counsel provided ineffective assistance that was prejudicial to the Movant when counsel failed to argue that Movant was not forseeable [sic] to "victims" involved within the charged offense pursuant to U.S.S.G. § 2B1.1

> The Movant asserts that counsel's performance was deficient when he failed to argue that a 4-level enhancement pursuant to U.S.S.G. § 2B1.1 was inapplicable in this case where the Movant was not reasonably forseeable [sic] to the "victims" involved in the charged offense. Had it not been for counsel's ineffectiveness the Movant's advisory guidelines would have produced an ultimate sentencing range of 41-51 months imprisonment [i.e., Offense Level 18, Criminal History Category VI, minus three levels for acceptance of responsibility).

### Procedural History

Petitioner was charged with knowingly and willfully conspiring to present false claims and to steal government property (Count One), four counts of theft of public money relating to a

specified taxpayer (Counts Two through Five), four counts of aggravated identity theft (Counts Nine through 12), and making a false statement (Count Sixteen) (cr Dkt. 1). He pleaded guilty to Counts Two and Nine pursuant to a Plea Agreement (cr Dkts. 45, 47), and was sentenced to 60 months on Count Two and 24 months on Count Nine (consecutive to Count Two), followed by supervised release (cr Dkt. 76). He did not appeal.

## Discussion

Petitioner contends that counsel was ineffective in failing to object to the calculation of the number of victims under U.S.S.G. § 2B1.1(b)(2).[1] He appears to argue that the number of victims were not reasonably foreseeable to him. The government correctly responds that this claim is conclusory because Petitioner fails to explain why the victims were not reasonably foreseeable. A vague and conclusory allegation of ineffective assistance does not warrant relief. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, and unsupported claims cannot support relief for ineffective assistance of counsel).

In his reply, Petitioner contends that there is no evidence that 50 or more victims were reasonably foreseeable to him (cv Dkt. 8).[2] Petitioner is incorrect. He admitted that he engaged in a conspiracy with Nikia Williams involving 66 victims (cr Dkt. 84, pp. 15-16; cr Dkt. 85, pp. 3-7). *See United States v. Jenkins*, 646 Fed. Appx. 826, 827 (11th Cir. 2016) ("In a case involving jointly undertaken criminal activity, the defendant may be held responsible for all reasonably foreseeable acts of others in furtherance of the jointly undertaken criminal activity.") (citing U.S.S.G. §

---

[1] The 2013 Sentencing Guidelines provide for a four-level enhancement of the base offense level for fraud or theft offenses involving 50 or more, but fewer than 250, victims. U.S.S.G. § 2B1.1(b)(2)(B) (2013).

[2] He does not contend that there were less than 50 victims.

1B1.3(a)(1)(B)). Forty-four of the victims had the last name "Machado," and a refund from a "Machado" tax return was deposited on a debit card in Petitioner's name (cr Dkt. 85, pp. 6-7). He also admitted responsibility for 10 victims with the last name "Bass" (Id., p. 7). Finally, refunds from the tax returns of 11 other victims were deposited on a debit card in Petitioner's name (Id.). These 65 victims were reasonably foreseeable and properly attributed to Petitioner.[3]

Moreover, because this issue was available to Petitioner on direct appeal from his conviction, but he did not appeal, it is procedurally defaulted. A claim that was available but was not raised in the district court or on appeal is procedurally defaulted from consideration on collateral review, absent cause and prejudice or actual innocence. *McCoy v. United States*, 266 F.3d 1245, 1258-59 (11th Cir. 2001); *Bousley v. United States*, 523 U.S. 614, 622 (1998). To show cause for not raising a claim, a petitioner must show that "some objective factor external to the defense" impeded his ability to raise the claim previously. *Lynn v. United States*, 365 F.3d 1225, 1235 n.20 (11th Cir.), *cert. denied*, 543 U.S. 891 (2004); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must demonstrate that "errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (internal citations omitted). To establish actual innocence, a petitioner must demonstrate factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 623-24.

Petitioner has not demonstrated cause for the default, or that he is actually innocent of the crimes of conviction.

Accordingly, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1) is **DENIED**. The **Clerk** is directed to enter judgment against Petitioner and

---

[3]The IRS was the 66th victim.

3

close this case.

**Certificate of Appealability ("COA")**

Petitioner is not entitled to a COA. He has no absolute entitlement to appeal the denial of his motion. 28 U.S.C. § 2253(c)(l). Rather, a COA must first issue. Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make that showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Drake*, 542 U .S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner cannot make the requisite showing. Since he is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** on April 10th, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: *Pro Se* Petitioner; Counsel of Record